# SMITH vs. THE STATE.

[INDICTMENT FOR EVADING, OR ATTEMPTING TO EVADE, COMPLIANCE WITH STATE REVENUE LAW.]

1. *State revenue laws; evading, or attempting to evade, compliance with; what does not constitute offense of.*—The mere omission of a tax-payer, to meet the assessor at the time and place designated in the assessor's

Smith v. The State.

notice, and to render to him, in writing, a list of the items upon which he is liable to be taxed, does not constitute the offense of evading, or attempting to evade, a compliance with the revenue laws of the State.

2. *Same; what constitutes the offense.*—To constitute the offense of an evasion, or an attempt to evade a compliance with the revenue laws of this State, under section 570 of the Revised Code, the evasion, or the attempt to evade, must be intentional and willful; the intent may be proved by the conduct of the party, and by circumstantial or other evidence, without direct proof of the fact.

3. *Same; tax assessor, duties of, under section 478 of the Revised Code.*—Where tax-payers fail to meet the assessor, at the time and place designated in his notice, section 478 provides what is to be done in such cases. The assessor must make his demand in person, or by his deputy, on such delinquent tax-payers, wherever he may find them. A notice in writing may be left at the residence of each such delinquent; and then each delinquent must become active on his part, and make a return to the assessor of a list of his taxable property, before the first day of June following, at the assessor's office, or wherever he may be found; and if the delinquent fails to do so, without some reasonable excuse for such failure, then he will be guilty of the offense of evading, or attempting to evade, a compliance with the revenue laws, and may be proceeded against, and punished accordingly.

4. *Same; on trial of indictment for, what not proof of notice required by section 476.*—On a trial for this offense, the notice required to be given by assessor, by section 476 of the Revised Code, is not sufficiently proved, by a statement made by the assessor, as a witness, that he had posted and published the notices required of him by law, stating the times and places at which he would attend to assess the taxes; the facts which constitute the notice must be stated, and not merely that the notices were given according to law.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. J. McCALEB WILEY.

The facts of the case, and the errors assigned, are sufficiently set out in the opinion.

STONE, CLOPTON & CLANTON, for appellant.—1. The indictment in this case is for " evading," under section 570 of the Revised Code. Mere non-action can not amount to an evasion.—See word "to evade," Webster's Dictionary.

2. The tax-payer, by merely failing to give in his taxes, can certainly not be put in intentional fault, until the tax assessor has given him, the notice prescribed by section 478 of the Revised Code. *Intent* is a necessary ingredient of every public or criminal offense.—1 Bish. Cr. Law, §§ 226, 227, 228, 314, 355.

When certain acts are forbidden by law to be done, the doing of the act will frequently establish the guilt, irrespective of any provable intent. The law presumes the intent from the act. The mere failure to give in taxable property, can not, as matter of law, amount to either a *refusal* to give in taxes, a *willful failure* to give in taxes, or an *evasion*, or *attempt to evade*, a compliance with the revenue laws. Hence, the charge of the court was an invasion of the province of the jury. The question should have been left to them.

4. The indictment is insufficient, in this, that it specifies no act of evasion. It should have stated in what the *evasion*, or *attempt* at evasion, consisted.

JOSHUA MORSE, Attorney-General, *contra*.

PECK, C. J.—At the fall term of the circuit court of Barbour county, the appellant was indicted, under section 570 of the Revised Code, for evading, or attempting to evade, a compliance with the revenue laws of this State.

On the trial, James T. Hatcher, a witness for the State, testified that within the time covered by the indictment, he, as the tax assessor of said county of Barbour, posted and published the notices required by law of him, stating the times and places at which he would attend to assess the taxes for the year 1868.

He also stated, that he attended at the various precincts in said county, as required by law, and that the defendant had never given in, or offered to give in, his taxes for that year. On cross-examination, he stated that the notice specified in § 478 of the Code was never given to defendant by him.

The State examined one other witness, George W. Williams, who testified that he was the tax collector for said county of Barbour, for the years 1868 and 1869 ; and that the defendant had never paid him his taxes ; that defendant has resided in said county for two years, previous to the finding of the indictment, and was a tax-payer.

The bill of exceptions, taken by the defendant, states that this was all the evidence in the case.

On this evidence, the court charged the jury, that if they believed the evidence, they must find the defendant guilty.

To this charge the defendant excepted, and then asked the court to give several charges to the jury, all of which were refused by the court; and defendant excepted. But as we decide the case on the charge given, it is unnecessary to lengthen this opinion by setting them out, or stating what they are.

The defendant appeals to this court, and assigns for errors, the charge given by the court, and the refusal to give the charges asked.

Such a charge as the one here complained of, can rarely, if ever, be safely given in any criminal case. To warrant such a charge, the evidence should be of the clearest and most conclusive character. It should be so convincing in its nature, as to exclude from the mind of the jury, all reasonable doubt as to the guilt of the accused party.

The offense sought to be made out against the defendant, under this indictment, is an evasion, or an attempt to evade, a compliance with the revenue laws of this State, by showing a criminal refusal or neglect, on his part, to attend at a time and place designated in his precinct, by a notice required to be given by the tax assessor for that purpose, and render to him, in writing, a complete list of all the items upon which he is liable to be taxed.

The notice so required to be given, is prescribed in section 476 of the said Code, which is in the words following, to-wit: " The assessor must give at least fifteen days' notice, by bills posted at three or more public places, in each election precinct, or twenty days' notice, in some newspaper published in the county, of the time and place, in each election precinct, that he will attend to assess taxes."

Now, it is only necessary to refer to the evidence in this case, to see that the notice required to be given by said section 476 is not proved. The witness, said James T. Hatcher, does not pretend to state the facts; he makes himself a judge, and gives his opinions and conclusions. He says that " within the time covered by the indictment, he, as the tax assessor of said county of Barbour, posted and published the notices required by law of him, stating

the times and places at which he would attend to assess the taxes of 1868."

What does the witness mean by "the time covered by the indictment?" Could the court or jury know what he meant? Does that statement, legally, prove anything? If it does, it certainly does not prove what that time was. Further, the evidence of this witness does not prove the notice was given within the periods of time that assessments were allowed to be made. The fourth part of section 452 of the Revised Code says, assessments must not be commenced until the first day of March, in each year, and shall be finished by the first day of August following. It does not prove that the notices were given within these two periods of time.

Then, he says, he gave the notices required by law of him, stating the times and places at which he would attend to assess the taxes, &c.; he does not say the notices were given at least fifteen days before the time for him to attend to assess the taxes, or that they were posted up in three public places in the election precinct. He says nothing about the length of time the notices were given, or the places where they were given. This was necessary; for, unless the notices were given the proper length of time, and in the proper places, the defendant could not be guilty of evading, or attempting to evade, a compliance with the revenue laws, by failing to attend at the time and place designated, to render to the assessor, in writing, a list of the items upon which he was liable to be taxed.

Therefore, if the jury believed all the evidence in the case, it was wholly insufficient to authorize a conviction; consequently, the charge of the court given to the jury, that, if they believed the evidence, they must find the defendant guilty, is clearly erroneous.

As this case must go back for a new trial, and as certain questions will probably arise on that trial, we propose to settle them here.

1. We hold that a mere omission of a tax-payer to meet the assessor, at the time and place designated in the notice he is required to give by section 476, and render to him, in writing, a complete list of all the items upon which he is

Smith v. The State.

liable to be taxed, as provided in section 461, does not constitute the offense named in section 570, of evading, or attempting to evade, a compliance with the revenue laws of this State.

2. Where there is such an omission, section 478 provides what is to be done. The assessor is, in such a case, required to make a demand, in person, or by deputy, upon the delinquent tax-payers, or such as have failed to meet him at his appointments, wherever he may find them ; and when unable to find them, he may leave a written notice at the residence of each such delinquent ; and then it becomes the tax-payer's duty to be active in the matter, and to make a return to the assessor of the list of taxable property, as required by said section 461, before the first day of June following, at the assessor's office, or wherever he may be found ; and if he fail to do so, without some reasonable excuse for such failure, then he will be guilty of the offense of evading, or attempting to evade, a compliance with the revenue laws of this State, as provided in section 570 of the Revised Code, and may be proceeded against and punished accordingly.

3. To constitute the offense of an evasion, or an attempt to evade, a compliance with the revenue laws of this State, under said section 570, the evasion, or the attempt to evade, must be shown to be intentional and willful, otherwise the offense will not be made out ; but such intent may be proved by the conduct of the party, and by circumstantial or other evidence, without direct proof of the fact.

For the error of the court, in the charge given to the jury, the judgment is reversed, and the cause remanded for a new trial.